UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SIONE K. MOTUAPUAKA,

Petitioner,

v.

E. SARIANO,

Respondent.

Case No. 25-cv-07876-WHO (PR)

**ORDER TO SHOW CAUSE**

Dkt. No. 3

**INTRODUCTION**

Petitioner Sione K. Motuapuaka seeks federal habeas relief under 28 U.S.C. § 2254 from the state court's resentencing decision. The petition for such relief is now before me for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The petition states cognizable due process and ineffective assistance of counsel claims. Accordingly, on or before **June 1, 2026**, respondent shall file an answer or a dispositive motion in response to the petition. (Dkt. No. 1).

Motuapuaka's motion to proceed in forma pauperis is GRANTED. (Dkt. No. 3.)

The Clerk shall terminate all pending motions.

**BACKGROUND**

In 2010, petitioner Sione K. Motuapuaka pleaded guilty in the San Mateo Couty Superior Court to two counts of second degree burglary; four counts of second degree robbery; false imprisonment; kidnapping; and assault with a firearm. (Pet., Dkt. No. 1 at 1-2; *People v. Motuapuaka*, No. A161306, 2022 WL 897614, at *1 (Cal. Ct. App. Mar. 28, 2022)). Motuapuaka admitted to various allegations, including four firearm sentencing

enhancements. *Motuapuaka*, 2022 WL 987614 at *1. "The plea form indicated that the maximum possible sentence for these offenses was 66 years but that the parties stipulated defendant would receive a term of 60 years." *Id.*

In 2020, Motuapuaka filed a resentencing petition in the state superior court, after being informed by the CDCR of a possible error in his sentence. *People v. Motuapuaka*, No. A167340, 2024 WL 3157703, at *1 (Cal. Ct. App. Jun. 25, 2024). The superior court imposed a 52-year sentence. *Id.* at *2. The state appellate court reversed the superior court's decision and remanded for resentencing because Motuapuaka was not present at the hearing. *Id.* At the second resentencing hearing, the superior court imposed a 52-year term, which was affirmed by the state appellate court. *Id.* at 4. The state supreme court denied his petition for review. (Pet., Dkt. No. 1 at 3.)

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Motuapuaka claims that (1) the prosecutor violated his right to due process by breaching the terms of the plea agreement; and (2) trial and appellate counsel rendered ineffective assistance. (Pet., Dkt. No. 1 at 5.) When liberally construed, these claims are cognizable on federal habeas review.

## CONCLUSION

1. The Clerk shall serve electronically a copy of this Order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following

2

email addresses: SFAWTParalegals@doj.ca.gov and SFAGDocketing@doj.ca.gov. The petition (Dkt. No. 1) and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this Order on petitioner.

2. On or before **June 1, 2026**, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **June 1, 2026**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8.  Motuapuaka's motion to proceed in forma pauperis is GRANTED.  (Dkt. No. 3.)

9.  The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:**  January 27, 2026



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California